2L 569
11L 8
12L 273

.T. B. EDGINGTON, Adm'r, *v.* ROBERT JAMISON *et als.*

1. REVIVOR. *Heirs. Personal representative.* When, during the pendency of a suit, one of the parties thereto dies, it may be revived against the heirs in case there be no personal property, or if there. be personal property but no personal representative. There is as much reason why the heir should be made liable to the extent of lands descended for the value of goods improperly taken by the ancestor in replevin, as that the heirs of a defendant should be made liable for the debts of

his ancestor, the judgment in either case being only to the extent of the interest to lands descended.

2. SAME. *Collateral proceedings.* A revivor against an heir is not subject to be declared void in a collateral attack, because it fails to show that no one would administer. At most this is only an error that might be corrected upon a direct review.

3. SAME. *Personal judgment against the heir.* It is only an error subject to reversal when a personal judgment is rendered against an heir in whose name the suit is revived, instead of a judgment that the creditor have judgment and execution against the land descended, as is proper under section 2257 of the Code, but it does not render the judgment absolutely void.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

T. B. EDGINGTON for complainant.

McKISICK & TURLEY for defendants.

McFARLAND, J., delivered the opinion of the court.

The complainant alleges in this bill that, as administrator of the estate of J. C. Brooks, deceased, he has a valid demand against the estate of David Jamison, deceased, and he seeks to reach the land descended to his heir, Robert Jamison, in satisfaction of his demand, alleging that the personal assets have been exhausted. Both the administratrix and the heir, who are alleged to be non-residents, are made defendants.

The nature of the claim is stated substantially as follows: Thomas O'Keefe brought an action of replevin for a lot of goods against J. C. Brooks, gave bond in the sum of $600, with Jamison and others as sure-

ties; afterward he was required to give a bond in a large penalty, which he did, with another surety. The goods were taken out of the possession of Brooks and delivered to O'Keefe. Afterward issue was joined, and pending the action Brooks died, and the cause was revived against complainant as his administrator. O'Keefe also died, and there being no administrator, the cause was revived in the name of Emma O'Keefe, his only heir, who was a minor, a guardian *ad litem* appointed for her, she also appearing by attorney. The cause was tried, resulting in a verdict for the defendant. The usual judgment was rendered, that the plaintiff return the goods, or in default recover their value as found by the jury, that this judgment was rendered against the sureties on both bonds, except Jamison, whose death was suggested and *sci. fa.* awarded against the administratrix, which had been returned "not to be found." Execution has been issued against Emma O'Keefe and her other sureties, and returned *nulla bona.* He exhibits, as part of his bill, a transcript of the replevin suit. Various grounds of demurrer were assigned. The second and third grounds were sustained by the Chancellor, and the bill dismissed.

The second ground of demurrer relates to an attachment that was prayed for and issued. This, however, does not go to the whole case, as the attachment might be discharged without dismissing the entire case, and the complainant's counsel does not strongly object to the discharge of the attachment.

The third ground of demurrer is, "that there has

been no breach of the replevin bond, that is, that the judgment of the circuit court, showing a recovery in favor of the defendant is void in that it was not a case for revivor in the name of the heir, and the judgment against the heir was a personal judgment, and not such as the law authorizes. The conditions upon which, by the terms of the bond, the sureties were to be liable, ought to appear by the judgment of the circuit court; that is to say, that the plaintiff had failed to prosecute his suit with effect, or abide by the judgment of the court in favor of the defendant. The judgment of the circuit court, if valid, shows this, and hence it is argued that it is void.

First, it is argued that while the statutes authorize a revivor in the name of the heir of either the plaintiff or defendant, where no one will administer, that this cannot apply to a replevin suit, as the heir has no right to the personal estate, and no power to perform the judgment of the court by returning the goods replevied. The act of 1809, Code sec. 2849, enacts that "if no person will administer upon the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heir." Sec. 257, from the same act, provides that when no person will administer upon the estate of a deceased defendant, *sci. fa.* may issue against the heirs to show cause why judgment and execution shall not be had against the lands descended, and a guardian *ad litem* will be appointed for the minor heirs. See also *Bandy* v. *Walker,* 3 Head, 568.

There is no exception in the statute as to the

Edgington *v.* Jamison. .

character of suits that may be revived, and we are not authorized to make any. The suit may be revived against the heir of either a deceased plaintiff or defendant where no one will administer. It is true the heir has not the right to the personal estate as against an administrator, and if he has not the possession of the goods replevied, he cannot return them, but where there is no personal estate, or no personal representative, there is as much reason why the heir should be made liable to the extent of lands descended for the value of goods improperly taken in replevin, as that the heir of a defendant should be made liable for the debts of his ancestor, and the judgment in either case is only the interest to lands descended.

Second, it is argued that the transcript shows that the revivor in this case was without authority, as the *sci. fa.* against Emma O'Keefe was issued without the proper suggestion, and the record does not show that no one would administer. This could, at most, but amount to an error that might be corrected upon a direct review, but does not render the revivor void when collaterally attacked, as in the present case.

Again, it is argued that the final judgment against Emma O'Keefe is void, because it is a personal judgment against her, whereas the proper judgment was, that the defendant have judgment and execution against the lands descended. This is the proper judgment, as will be seen by sec. 2257, which relates to cases against the heir of a defendant, and the same would apply here as in replevin; the defendant may have

judgment against the plaintiff for the value of the goods, but whether the heir may subject himself to a personal judgment by failing to plead "nothing by descent," we need not inquire. Assuming that it was not incumbent upon the heir to plead this, then the judgment against Emma O'Keefe was erroneous in this respect, and might be corrected at her instance, but the judgment is not void. The surety cannot complain that she has been held liable to a personal judgment, when the judgment should only be against the lands descended.

We think the Chancellor erred in sustaining this ground of demurrer. A creditor of a deceased party may proceed under the act of 1879 without first obtaining a judgment against the administrator. The pendency of the *sci. fa.* to revive the action of replevin against the administratrix of D. Jamison, is no objection to this bill, unless perhaps taken advantage of by plea in abatement, or motion to compel an election, as the complainant has his option to proceed in that mode, or bring an original action on the bond.

Next, it is argued that it appears from the transcript filed, from the circuit court, that D. Jamison was not surety on the bond, as his name is not in the body of the bond. There are also affidavits copied into that transcript which, if they could be looked to, would seem to throw doubt upon the question whether he was surety or not, but this is a matter of defense. The bill charges that he was surety, and the record from the circuit court does not necessarily contradict this. The omission of his name in the body of the

bond is not of itself fatal. It is further insisted that the revivor of the action of replevin against the heir of O'Keefe is void, because there was then a public administrator. We know there was a law authorizing a public administrator, but we do not judicially know that one had been appointed and was acting, even if this would render the revivor against the heir void, which it probably would not.

Upon the whole case we think the Chancellor erred in sustaining the demurrer.

The decree will be reversed, the demurrer overruled, and the cause remanded, the administratrix paying the costs of this court.